**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| BURTON RAY BATHKE, | No. 13-15406 |
| Plaintiff - Appellant, | D.C. No. 1:12-cv-00553-AWI-GSA |
| v. | |
| EDMUND G. BROWN, Jr.; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Anthony W. Ishii, District Judge, Presiding

Submitted November 19, 2013[**]

Before:    CANBY, TROTT, and THOMAS, Circuit Judges.

California state prisoner Burton Ray Bathke appeals pro se from the district court's judgment dismissing his 42 U.S.C. § 1983 action alleging various constitutional violations in connection with his incarceration. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's dismissal under 28

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

U.S.C. §§ 1915A and 1915(e)(2)(B)(ii). *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (order). We affirm.

The district court properly dismissed Bathke's First Amended Complaint because it contained numerous unrelated claims against over sixty-six individual defendants and did not contain a short and plain statement of claims as required by Fed. R. Civ. P. 8(a). *See McHenry v. Renne*, 84 F.3d 1172, 1178 (9th Cir. 1996) (a complaint must make clear "who is being sued, for what relief, and on what theory, with enough detail to guide discovery"); *see also* Fed. R. Civ. P. 20(a)(2) (defendants may only be joined in one action if claims arise from the "same transaction, occurrence, or series of transactions or occurrences").

The district court did not abuse its discretion by dismissing Bathke's First Amended Complaint without leave to amend after providing Bathke with opportunities to amend and concluding that further amendment would be futile. *See Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc) (setting forth standard of review and explaining that leave to amend should be given unless amendment would be futile).

The district court did not abuse its discretion by denying Bathke's motion to appoint counsel because Bathke failed to demonstrate exceptional circumstances.

*See Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (setting forth standard of review and requirement of "exceptional circumstances" for appointment of counsel).

**AFFIRMED.**